IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LAVONDA GRAY,

                Plaintiff,

    v.                                          Civil Action No.
                                                    3:16-CV-1292 (DEP)

NANCY A. BERRYHILL,[1] Acting Commissioner
of Social Security,

                Defendant.

---

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

GORTON LAW FIRM                     PETER A. GORTON, ESQ.
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089

FOR DEFENDANT:

HON. RICHARD S. HARTUNIAN      KRISTINA D. COHN, ESQ.
United States Attorney for the         JAMES DEISIR, ESQ.
Northern District of New York          Special Assistant U.S. Attorneys
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

---

[1]     Carolyn Colvin, the former Acting Commissioner of Security, was recently replaced by Nancy A. Berryhill, who currently serves in that position. Because Carolyn Colvin has been sued only in her official capacity, Nancy A. Berryhill has been automatically substituted for Carolyn Colvin as the named defendant. *See* Fed. R. Civ. 25(d).

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[2] Oral argument was conducted in connection with those motions on June 5, 2017, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

---

[2] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

*David E. Peebles*
U.S. Magistrate Judge

Dated: June 12, 2017
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------x
LAVONDA GRAY,

                        Plaintiff,

vs.                               3:16-CV-1292

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                        Defendant.

------------------------------------------x
```

Transcript of a Digitally-Recorded **Decision** held during a Telephone Conference on June 5, 2017, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | LACHMAN, GORTON LAW FIRM<br>Attorneys at Law<br>P.O. Box 89<br>1500 East Main Street<br>Endicott, New York  13761-0089<br>  BY:  PETER A. GORTON, ESQ. |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza - Room 3904<br>New York, New York  10278<br>  BY:  JAMES DEISIR, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*

1         (In Chambers, Counsel present by telephone.)

2         THE COURT: All right, thank you, I'll have to let
3 that be the last word.

4         I have before me a request for judicial review of
5 an adverse determination by the Acting Commissioner pursuant
6 to 42 United States Code Sections 405(g) and 1383(c)(3).

7         The background is as follows: The plaintiff was
8 born in December of 1968, currently she is 48 years old, she
9 was 44 years old at the alleged onset of her disability. She
10 stands 5 foot 2 inches in height and weighs 209 pounds. She
11 underwent bariatric weight reduction surgery in December of
12 2014. The plaintiff lives with her husband, she drives, she
13 is right-handed, she has a GED and some college education,
14 she took some online courses. She's a certified child care
15 provider and a CNA, certified nursing assistant or nurse's
16 assistant. She last worked in or about July or August of
17 2013. She worked 22 years in a nursing home. She also
18 worked providing child care and in private duty nursing in
19 2013. She has worked part time as a tax preparer, 2010
20 through 2013.

21         Medically, the plaintiff has been diagnosed with
22 fibromyalgia since 2006. She also carries a potential
23 diagnosis for regional pain syndrome and arthritis. She has
24 borderline diabetes and has diabetic peripheral neuropathy,
25 she has a right shoulder issue. MRI testing revealed a tiny

1  partial tear in the right shoulder.  She has in the past
2  complained of chest pain, although medical professionals have
3  not been able to identify any etiology associated with that,
4  and they believe it was probably part and parcel of the
5  fibromyalgia.  She has a small disk protrusion at C5-C6
6  level, with no neural compression or stenosis.  She also
7  suffers from major depressive disorder, post-traumatic stress
8  disorder.
9              She treats with Family and Child Society through
10 licensed clinical social worker Esther McGurrin every two
11 weeks.  She also treats with Lourdes Primary Care, primarily
12 through Family Nurse Practitioner Trichelle Kirchner.  The
13 plaintiff also treats with Dr. Dura, Dr. Paul Dura, a
14 rheumatologist.  She has record of several emergency room
15 visits to the -- I believe it was the Massena General
16 Hospital.  Medications have been provided including Cymbalta,
17 gabapentin, and Tizanidine.  Plaintiff reads, uses the
18 computer, folds laundry, and does some cooking although her
19 husband does some of the cooking also since she testified
20 that she drops food.
21             Procedurally, the plaintiff applied for Title II
22 benefits on June 10, 2013 and Title XVI SSI payments on
23 November 10, 2013.  Both applications allege an onset
24 disability date of May 30, 2013.  The hearing was conducted
25 by Administrative Law Judge Marie Greener on April 27, 2015.

4

1  ALJ Greener issued a decision on June 15, 2015 finding that
2  plaintiff was not disabled at the relevant times.  The Social
3  Security Administration Appeals Council made that a final
4  determination of the agency by rejecting plaintiff's request
5  for review on October 13, 2016.
6          In her decision, ALJ Greener applied the well-known
7  five-step sequential test for determining disability.  At
8  step one she found plaintiff had not engaged in substantial
9  gainful activity since May 30, 2013, although noting that
10 there was some work activity during the relevant time period.
11         At step two, she concluded that plaintiff suffers
12 from fibromyalgia, herniated nucleus pulposa of the cervical
13 spine without compression, right shoulder tendinitis -- I'm
14 sorry, tendinosus and diabetic peripheral neuropathy,
15 rejecting other conditions as not sufficiently limiting to
16 qualify under step two, including depression and
17 post-traumatic stress disorder.
18         At step three, the ALJ concluded that plaintiff did
19 not -- her conditions do not meet or medically equal any of
20 the listed presumptively disabling conditions, considering
21 several including 1.04, 11.14.
22         Then after surveying the record evidence, the ALJ
23 concluded that plaintiff is capable of performing the full
24 range of light work because she can frequently lift, carry,
25 push, pull 10 pounds occasionally, lift, carry, push, pull

1    20 pounds and in an eight-hour workday can sit for six hours
2    and stand/walk for six hours with normal breaks.
3            At step four, the ALJ concluded that with this RFC
4    plaintiff is not capable of performing her past relevant work
5    as a CNA or nursing assistant.
6            At step five, the ALJ applied the medical
7    vocational guidelines or the grids, and concluded based on
8    Rule 202.21 that plaintiff was not disabled at the relevant
9    times.
10           As you know, my task is extremely limited to
11   determining whether correct legal principles were applied and
12   the determination is supported by substantial evidence.  It
13   is a highly deferential standard.
14           Addressing first the listings, counsel has argued
15   that the claimant suffered from other conditions that should
16   have been recognized as severe at step two.  I note that it
17   was plaintiff's burden to establish the limitations
18   associated with her conditions.  It is clear that as long as
19   the ALJ concluded that there was at least one severe
20   impairment at step two and continued through the sequential
21   analysis and provided that he or she then considered the
22   other impairments when determining the RFC, then the failure
23   to list them at step two is harmless.
24           In any event, there was no showing, I reviewed
25   carefully plaintiff's brief and the evidence cited, there was

1  no showing that plaintiff suffers from additional conditions
2  that provide significant limitations to the ability to
3  perform work functions.  Also no showing that plaintiff meets
4  or equals listings, again, it was plaintiff's burden.  The
5  Commissioner, the ALJ went through the B criteria and went,
6  and considered the four domains that also apply to 14.09d at
7  page 26, found no marked limitations in the three domain
8  areas and no extended duration compressions.
9              So again, I note that the mere diagnosis of
10 fibromyalgia does not translate to symptoms.  Fibromyalgia
11 comes in various degrees.
12             Also, the Commissioner properly relied on the
13 treatment notes, plaintiff's testimony, and Dr. Jenouri's
14 consultative exam which can constitute substantial evidence
15 when considering listings and severe impairments.
16             The RFC, if you discount, leave aside for a moment
17 Nurse Practitioner Kirchner's opinions and Dr. Dura's
18 opinions, the rest of the RFC is supported by substantial
19 evidence, including the lifting and sitting, standing.
20 However, I agree with counsel that the ALJ failed to take
21 into consideration the nature of the fibromyalgia and the
22 opinions of both Nurse Practitioner Kirchner and Dr. Dura.
23             The Second Circuit has noted that fibromyalgia by
24 its very nature is not always readily susceptible to
25 detection or verification through clinical testing or other

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547

1  objective means.  That was recognized in *Green-Younger v.*
2  *Barnhart*, 335 F.3d 99, Second Circuit decision from 2003.
3  The Seventh Circuit similarly recognized the elusive nature
4  of fibromyalgia in *Sarchet v. Chater*, 78 F.3d 305, that's
5  Seventh Circuit decision from 1996.
6              Let's take Nurse Practitioner Kirchner first.  Her
7  opinion was rendered prior to the ALJ's decision.  It is
8  clearly inconsistent with the RFC finding.  It opines that
9  plaintiff would be required to take unscheduled breaks at
10 15-minute intervals for approximately one hour.  She is
11 clearly not an acceptable medical source; however, under the
12 regulations, her opinions concerning the effects of her
13 diagnosed conditions on her ability to perform functions is
14 relevant and should have been considered and if rejected, ALJ
15 Greener should have explained which parts were being rejected
16 and on what basis.
17             The real error here is the failure to address
18 Dr. Dura's opinions which admittedly came after the ALJ's
19 decision, but clearly I agree with Mr. Gorton, this changes
20 the landscape considerably.  The Second Circuit has
21 recognized in several recent cases the need to consider
22 carefully the opinions that talk about absenteeism, working
23 off task, and the effect on the ability to perform work
24 functions and on the RFC.  Most recently in *Gavazzi*, I
25 believe Mr. Gorton cited that, versus Berryhill, it's found

1  at 2017 WL 1400456.  Clearly Dr. Dura is a specialist and a
2  treating source, and it would be of invaluable assistance to
3  the court in making meaningful judicial review to know why it
4  was being rejected, and to go through the factors, if it was
5  being rejected as controlling to go through the factors to
6  determine what weight, if any, it was entitled to.  Clearly,
7  more than 15 percent but less than 20 percent off task is
8  something that, if it is controlling, should have been
9  included in the RFC and presented to a vocational expert.
10  The ALJ recognized that plaintiff would have good days and
11  bad days in her decision.  Dr. Dura also opined that she
12  would be absent two days per month.  Again, that should have
13  been included and presented to a vocational expert.
14          So on that basis, I find errors and the
15  determination is not supported by substantial evidence so I
16  will grant judgment on the pleadings to the plaintiff.  I
17  don't find persuasive proof of disability and so I will order
18  that the matter be remanded without a directed finding of
19  disability or calculation of benefits only.
20          Thank you both for excellent presentations.  I hope
21  you have a good afternoon.
22          MR. GORTON:  Thank you, your Honor.
23          MR. DEISIR:  Thank you, your Honor.
24              (Proceedings Adjourned, 2:35 p.m.)
25

C E R T I F I C A T I O N

I, JODI L. HIBBARD, RPR, CRR, CSR, Official Court Reporter in and for the United States District Court, Northern District of New York, DO HEREBY CERTIFY that I have listened to and transcribed the foregoing proceedings and that the foregoing is a true and correct transcript thereof to the best of my ability.

s/Jodi L. Hibbard

_____

JODI L. HIBBARD, RPR, CRR, CSR
Official U.S. Court Reporter